UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| GRANT LAMBERT, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 0: 14-165-DCR |
| V. | ) ) ) | |
| KENTUCKY PAROLE BOARD, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 7, 2013, Grant Lambert was convicted in the Boyd Circuit Court of two counts of unspecified controlled substance trafficking and one count of unspecified controlled substance possession. [Record No. 9-3, p. 16] Although Lambert was sentenced to 10 years of imprisonment, a specified term of incarceration in Kentucky can be a bit deceptive. In this case, Lambert he has been on parole since June 6, 2013.[1] [*Id.*, pp. 26–29]

After unsuccessfully attempting to appeal his conviction in the state courts, Lambert now petitions this Court for collateral relief under 28 U.S.C. § 2254. [Record No. 1] However, for the reasons discussed below, his petition will be denied. Further, a Certificate of Appealability will not be issued with respect to any issue raised in this action.

**I.**

On October 2, 2014, Lambert filed the current petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting four grounds for relief. [Record No. 1] He also filed two

---

[1]   *See* Ky. Online Offender Lookup, http://kool.corrections.ky.gov/KOOL/Details/334715 (last visited November 9, 2015). Lambert's parole ends on September 1, 2017. *Id.*

- 1 -

amended petitions.  [Record Nos. 3, 6]  First, Lambert asserts that his Fourth Amendment rights were violated by certain police officers' use of fraudulent warrants to conduct searches.  [Record No. 3, p. 5]  Next, he contends that his Fifth Amendment rights were violated by his failure to receive a speedy trial.  [*Id.*, p. 7]  In addition, Lambert claims that his Sixth Amendment rights to counsel and "legal access" were denied.  [*Id.*, pp. 8−9]  Lastly, he argues that his alleged "right to a[n] appeal" has been violated.  [Record No. 6, pp. 3−4]

In its response, the Kentucky Parole Board[2] seeks dismissal of Lambert's petition on non-merits grounds.  [Record No. 9]  Lambert did not reply.  However, he filed a "Response to Respondent[']s Request to Deny Constitutional Rights" in *Lambert v. Kentucky Parole Board*, No. 0:15-CV-2-WOB-CJS (E.D. Ky. 2015),[3] which the Court has considered.  [Record No. 13, therein]

Consistent with local practice, Lambert's petition was presented to a United States Magistrate Judge for initial review and issuance of a Recommended Disposition in accordance with 28 U.S.C. § 636(b)(1)(B).  On October 19, 2015, United States Magistrate Judge Robert E. Wier issued a Recommended Disposition.  [Record No. 11]  Based on his review of the record and the applicable law governing the motion, Magistrate Judge Wier recommended that Lambert's petition be denied.  Lambert did not file objections to the Recommended Disposition.

---

[2]     In his initial petition, Lambert named the Commonwealth of Kentucky as the respondent. [Record No. 1]  However, in his first amended petition, he named the Kentucky Parole Board. [Record No. 3]  Lambert's improper identification of the respondent is discussed below.

[3]     In that case, Lambert's petition was denied as duplicative of the petition in this matter. [Record No. 15]

While this Court reviews *de novo* those portions of the magistrate judge's recommendations to which an objection is made, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). Having reviewed *de novo* the magistrate judge's Recommended Disposition, the Court fully agrees with his conclusions.

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Lambert's writ of habeas corpus may be granted only if the state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). And under the "contrary to" test, "[a] state court's decision is contrary to clearly established Federal law if it (1) arrives at a legal holding that contradicts a Supreme Court case or (2) involves facts that are materially indistinguishable from a Supreme Court case but nonetheless arrives at a substantially different result." *Jones v. Jamrog*, 414 F.3d 585, 591 (6th Cir. 2005) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

An unreasonable application of clearly established federal law occurs "when a state-court decision unreasonably applies the law of [the Supreme] Court to the facts of a [petitioner's] case." *Williams*, 529 U.S. at 409. In determining whether a case involves an

unreasonable application of federal law, the question is whether the state court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Id.*, at 409–11.

### III.

The respondent argues that the Court should deny Lambert's habeas petition because: (i) the petitioner filed his petition after the one-year statute of limitations had expired; (ii) the claims are procedurally barred; (iii) the petitioner failed to exhaust his ineffective assistance of counsel claim; and (iv) the claims do not address violations of federal law.[4] [Record No. 9, p. 2] However, with one exception, all of the claims are procedurally barred. And the remaining claim does not state a violation of federal law.

### A. Statute of Limitations

The Kentucky Parole Board asserts that Lambert's petition should be denied because it was filed after the one-year statute of limitations set out in AEDPA. [Record No. 9, p. 7] However, the magistrate judge determined that the petition was filed within the statute of limitations because the limitation period was tolled during Lambert's pending motion for a belated appeal with the state courts. Under AEDPA, a petitioner has only one year in which to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d). The limitation period runs from the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Further, a motion to file a belated direct appeal

---

[4] The magistrate judge also addresses the issue of the petitioner's failure to name a proper respondent, ultimately concluding that dismissal is not appropriate on that ground. [Record No. 11, pp. 22–24] The proper respondent to a habeas petition is the person who has custody over the petitioner. 28 U.S.C. § 2242. Where a petitioner is on parole, the respondents are the parole officer and the official in charge of the parole agency. Rule 2 of the Rules Governing Section 2254 Cases, Advisory Committee note to Subdivision (b), at ¶ 2. Because the respondent has not raised the issue, and because the petitioner named some Kentucky Parole Board supervisors in his amended petition, the Court will not deny the petition for this reason. [Record No. 6]

tolls the statute during the time the motion is pending. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014). It does not, however, restart the limitation period. *DiCenzi*, 452 F.3d at 468.

Here, the Boyd Circuit Court entered judgment on Lambert's conviction on January 7, 2013. [Record No. 9-3, pp. 26–27] Under Rule 12.04(3) of the Kentucky Rules of Criminal Procedure, the deadline for Lambert to file a proper notice of appeal was February 6, 2013. Lambert did not file a proper notice of appeal by that date.[5] [Record No. 9-3, pp. 8–9] As a result, the limitation period began on February 6, 2013, indicating that Lambert's habeas petition was due on February 6, 2014. However, Lambert filed a motion for a belated appeal with the Kentucky Court of Appeals on March 27, 2013. [Record No. 9-3, p. 25] Consequently, the statute was tolled after forty-nine days had expired between judgment finality and Lambert's filing of the motion for a belated appeal. *See DiCenzi*, 452 F.3d at 468. Following the appellate court denial of the petitioner's motion for a belated appeal, the Kentucky Supreme Court declined to review the decision on September 10, 2014, marking the end of the tolled period. [*Id.*, p. 1]

Lambert filed his original habeas petition on March 15, 2013. *Lambert v. Commonwealth of Kentucky*, No. 0:13-CV-81-WOB-JGW (E.D. Ky. 2013). [Record Nos. 1, 10, therein] The Court dismissed this petition without prejudice because Lambert's motion for a belated appeal was still pending in state court. *Id.* [Record Nos. 18, 19, therein] On

---

[5] Lambert filed a notice of appeal on January 17, 2013, but it was deficient because he did not include a filing fee or a motion to proceed *in forma pauperis*, as required by Ky. R. Crim. P. 12.04(3). [*See* Record No. 9-3, p. 4.] While Lambert blames his "pro bono" attorney for not curing the deficiency, it is clear that Lambert refused to pay this non-appointed attorney and that he intended to act *pro se*. [*Id.*, pp. 6–8]

September 28, 2014, Lambert moved to reopen the habeas case because his motion for a belated appeal had been denied. *Id.* [Record Nos. 20, 21, therein] The petition was docketed as a new § 2254 filing with an effective date of October 2, 2014. [Record No. 1 of this Court's docket] Thus, eighteen additional days expired between denial of the motion for a belated appeal and the filing of the second habeas petition. Because a total of only sixty-seven days expired, the second habeas petition was timely.[6] Therefore, the magistrate judge correctly determined that Lambert's petition is not time-barred.

### B. Procedural Default

The Kentucky Parole Board also argues that Lambert's claims are procedurally barred because he did not present them to the Kentucky courts. [Record No. 9, pp. 10−11] The magistrate judge determined that Lambert's claims, except for the right-to-appeal claim, are procedurally barred. [Record No. 11, pp. 21−22]

A state petitioner procedurally defaults on a claim under § 2254 by failing to raise it in state court or through the state's ordinary appellate review procedure. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845−47 (1999); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Where state court remedies are no longer available to the petitioner, procedural default bars federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *Williams*, 460 F.3d at 806. As a result, a petitioner will not be permitted to present such claims in a later habeas proceeding unless he can show cause to excuse his failure to present the claims in state court, as well as actual prejudice to his defense at trial or on appeal. *Gray*

---

[6] In the alternative, Magistrate Judge Wier notes that the second habeas petition was intended by Lambert to reopen a timely-filed habeas petition. [Record No. 11, p. 14]

*v. Netherland*, 518 U.S. 152, 162 (1996).

A petitioner can show cause by presenting evidence of "some objective factor external to the defense" that impeded his efforts to comply with the state's procedural rule. *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999). A petitioner who is unable to show cause and prejudice may obtain habeas review only if denying such review would produce a fundamental miscarriage of justice, such as when new evidence suggests actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393 (2004). The Kentucky Court of Appeals found that Kentucky law barred Lambert's appeal because he failed to comply with state procedural rules. [Record No. 9-3, pp. 19–22] Consequently, Lambert did not raise the present claims—save the right-to-appeal claim—on direct appeal to the Kentucky courts. The magistrate judge properly determined that Lambert's claims, except for the right-to-appeal claim, are procedurally barred. *Coleman*, 501 U.S. at 731 (Virginia's 30-day requirement for filing a notice of appeal was an independent and adequate state law ground on which to deny relief); *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (petitioner's failure to satisfy Alabama's 42-day requirement for filing a notice of appeal was "independent and adequate state procedural ground" for denying relief).

Further, Lambert has not addressed cause for the default. The closest he has come to addressing the issue is by reiterating his arguments to the Kentucky courts—that he attempted to file two timely notices of appeal. However, the Kentucky Court of Appeals found that he failed to pay the required filing fee or file a motion to proceed *in forma pauperis*. [Record No. 9-3, pp. 19–22] Due to the deference owed to state courts under AEDPA, the Court will not overturn these factual determinations. 28 U.S.C. § 2254(d)(2)

(presuming factual determinations are correct unless the petitioner presents clear and convincing evidence to the contrary); *Bell v. Cone*, 543 U.S. 447, 455 (2005).

Moreover, Lambert's arguments do not demonstrate that there is "no reasonable dispute" that the state court came to an incorrect legal conclusion. *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam). In fact, this Court agrees with the state courts that Lambert's reasons for failing to comply with Kentucky's procedures are inadequate.

First, Lambert claims that he did not receive correspondence from the Clerk of the Court regarding his initial deficient notice of appeal. [*See* Record No. 9-3, p. 5] However, no mail was returned undelivered from the Boyd County Detention Center, and Lambert's petition to the court less than a week later continued to list the Boyd County Detention Center as his address. [*Id.*]

Second, Lambert argues that his "attorney" did not file his appeal. [*Id.*, p. 6] However, the record indicates that this attorney was not appointed to represent Lambert and that Lambert refused to pay him. [*Id.*, p. 7] While Lambert may allege that he misunderstood the attorney's role, this is countered by the fact that he filed several *pro se* motions during that time. [*Id.*] This is markedly different from the situation presented in *Maples*, where the Supreme Court held that the petitioner showed cause for procedural default where his counsel abandoned him without notice. 132 S. Ct. at 922–23. Thus, Lambert fails to demonstrate cause for the procedural default.

In addition, denying review will not produce a "fundamental miscarriage of justice." *Dretke*, 541 U.S. at 393. Lambert does not claim that newly-discovered evidence proves his innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013). He merely makes

allegations of "multiple losses of exculpatory evidence" and "corrupt cops, prosecutors and judges." [Record No. 1, p. 2] He then proceeds to complain that warrants were used to steal his personal property and that "receipts also were taken so I would be unable to prove my rightful ownership of property." [Record No. 3, p. 5] Lambert's mere allegations do not constitute exculpatory evidence. Further, he has not suggested that this "evidence" came to light *after* his trial.

"Without any *new* evidence of innocence," the petitioner must present evidence of innocence "so strong that a court cannot have confidence in the outcome of the trial . . ." *Schlup v. Delo*, 513 U.S. 298, 316 (1995) (emphasis added). Lambert fails to delve into the details of his allegations. For example, he does not identify the "informant" who allegedly admitted to planting money in his couch. [Record No. 3, p. 5] His evidence is not in the nature of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," *Schlup*, 513 U.S. at 324, "as would ordinarily be required to show actual innocence." *Freeman v. Trombley*, 483 F. App'x 51, 57 (6th Cir. 2012) (finding that the defendant's girlfriend's affidavit, coupled with an unsworn statement from a jailhouse informant, did not establish actual innocence).

In fact, Lambert's claims are even weaker than the claims in *Freeman*, where the court warned that "a self-serving affidavit must be viewed with great skepticism." 483 F. App'x at 58. Consequently, there would be no miscarriage of justice in the Court denying certain claims in Lambert's petition as procedurally-barred.[7] Thus, the magistrate judge was

---

7    While a petition containing exhausted and unexhausted claims is barred as a whole, *Rose v. Lundy*, 455 U.S. 509, 521 (1982), a petition containing both claims that were raised at the state

correct to conclude that Lambert's claims, except for the right-to-appeal claim, are procedurally barred under AEDPA.[8]

### C. Merits – Right to an Appeal

Lambert contends that the Kentucky courts' denial of his motion to file a belated appeal violates federal law. [Record No. 6, pp. 3–4] In response, the Kentucky Parole Board argues that his claim does not properly address a federal constitutional violation. "[I]t is well settled that there is no constitutional right to an appeal." *Abney v. United States*, 431 U.S. 651, 656 (1977) (citing *McKane v. Durston*, 153 U.S. 684 (1894)); *Hynes v. Birkett*, 526 F. App'x 515, 520 (6th Cir. 2013). However, where a state grants a right to appeal to criminal defendants, due process requires that certain protections make the right enforceable. *Hynes*, 526 F. App'x at 520. To violate due process, the state's law must "effectively

---

court level and those that were not is not barred as a whole. *See, e.g.*, *Lundgren v. Mitchell*, 440 F.3d 754, 777–78 (6th Cir. 2006).

[8] The respondent also argues that the ineffective assistance of counsel claim is barred due to Lambert's failure to exhaust his state court remedies. [Record No. 9, p. 11] It is unclear whether Lambert even makes an ineffective assistance of counsel claim when he complains that he could not pay an attorney to represent him on appeal. [Record No. 6, p. 6] However, to the extent that he does, this claim is procedurally barred. "AEDPA's exhaustion requirement [] 'refers only to remedies still available at the time of the federal petition.'" *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *Engle v. Isaac*, 456 U.S. 107, 126 n.28 (1982)). "Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review." *Williams*, 460 F.3d at 806. Lambert has exhausted his claims, including the ineffective assistance of counsel claim, because no state court procedures are available to him. *See* Ky. R. Crim. P. 11.42 (post-conviction relief mechanism barring claims that could and should have been litigated in the direct appeal); Ky. R. Crim P. 60.02 (post-conviction relief mechanism only available when a remedy is not available under Ky. R. Crim. P. 11.42); *Leonard v. Commonwealth of Kentucky*, 279 S.W.3d 151, 156, 162 (Ky. 2009). Thus, the magistrate judge correctly concluded that the ineffective assistance of counsel claim is not barred by failure to exhaust but by *procedural default*.

deprive the defendant of fundamental fairness in the trial process." *Id.* (internal quotation marks omitted) (citing *Turpin v. Kassulke*, 26 F.3d 1392, 1395 (6th Cir. 1994)).

Lambert had no constitutional right to an appeal. *Abney*, 431 U.S. at 656. Further, the magistrate judge properly determined that Kentucky's procedural rules did not violate Lambert's due process rights. [Record No. 11, pp. 25−26] The petitioner had knowledge of his right to appeal—he merely failed to comply with Kentucky's procedural requirements, even after the state court informed him of the procedural deficiencies. As a result, the Kentucky Court of Appeals' denial of Lambert's belated appeal did not deprive his proceedings of fundamental fairness. *Hynes*, 526 F. App'x at 520. Therefore, he has failed to state a violation of federal law under 28 U.S.C. § 2254(d)(1).

### D.  Certificate of Appealability

The magistrate judge has recommended that the Court not issue a Certificate of Appealability with regard to any issue raised in this proceeding. A Certificate of Appealability may be issued only where the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court's denial of the requested relief is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a court's denial is based on a procedural ruling, the movant must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and debatable "whether the district court was correct in its procedural ruling." *Id.*

Here, Lambert has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the procedural issues he seeks to raise are debatable among reasonable jurists or that the questions are adequate to deserve encouragement to proceed further. Therefore, a Certificate of Appealability will not be issued.

**IV.**

The record reflects that the majority of Lambert's claims were procedurally defaulted. Further, his non-defaulted claim (i.e., that Kentucky courts violated his constitutional rights by denying his late appeal) does not present a claim that is cognizable under AEDPA. Accordingly, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge Robert E. Wier [Record No. 11] is **ADOPTED IN FULL** and **INCORPORATED** by reference.

2. Grant Lambert's petition for habeas corpus relief under 28 U.S.C. § 2554 [Record No. 1] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Kentucky Parole Board.

This 10th day of November, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge